## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## FORT LAUDERDALE DIVISION

PEDRO RODRIGUEZ,  CASE NO.:

    Plaintiff,
v.

TAH OPERATIONS, LLC d/b/a
TRICON RESIDENTIAL,
A Florida Limited Liability Company

    Defendant.
_____/

## COMPLAINT, DEMAND FOR JURY TRIAL, DECLARATORY AND INJUNCTIVE RELIEF REQUESTED

Plaintiff, PEDRO RODRIGUEZ ("Mr. Rodriguez"), by and through undersigned counsel, file this Complaint against Defendant, TAH OPERATIONS, LLC d/b/a TRICON RESIDENTIAL, ("Defendant" or "TAH"), a Florida Limited Liability Company, and states as follows:

## NATURE OF THE SUIT

1.  This action is brought under the Fair Labor Standards Act ("FLSA") and Florida's Private Whistleblower Act ("FWA") to recover overtime compensation and an additional equal amount as liquidated damages, lost wages, benefits, compensatory damages, including front pay and back pay damages, declaratory and injunctive relief, reasonable attorneys' fees and costs, and any other damages permitted by law.

## PARTIES, JURISDICTION AND VENUE

2.  Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq., hereinafter called the "FLSA") to

recover unpaid overtime wages, an additional equal amount as liquidated damages, contractual damages, obtain declaratory relief, and reasonable attorney's fees and costs.

3. This Court also has jurisdiction over Plaintiff's state court FWA claims as they arise from the same operative facts and circumstances as his FLSA claims.

4. Venue is proper as Plaintiff worked for Defendant in Broward County, Florida, Defendant operates its business in Broward County, Florida, and the actions giving rise to these claims arose in Broward County, Florida.

5. Mr. Rodriguez is an adult individual who performed services on an hourly basis as an employee for Defendant's company in Broward County, Florida.

## FLSA COVERAGE

6. At all times relevant, Defendant was a covered enterprise covered by the FLSA and as defined by 29 U.S.C.§§ 203(r) and 203(s).

7. At all times material hereto, Defendant was, and continues to be an "enterprise engaged in commerce" or in the production of goods for commerce within the meaning of § 3 (s)(1) of the Act, in that, said enterprise has employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

8. At all times material hereto, Defendant had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce, such as housing equipment, construction equipment, and tools but which had come to rest within Broward County, Florida. At all times material hereto, the work performed by Plaintiff was directly essential to the business performed by Defendant.

9. At all times material hereto, the work performed by Plaintiff was directly essential to the business performed by Defendant, in that Defendant could not operate its business without Superintendent such as Plaintiff.

10. At all times material hereto, Defendant employed ten (10) or more persons.

11. At all times material hereto, Defendant was, and still is considered an "employer" within the meaning of the FWA.

## FACTUAL ALLEGATIONS

12. Defendant hired Mr. Rodriguez as an hourly, non-exempt Superintendent on April 12, 2016, until his unlawful termination on April 20, 2021, earning $26.25 per hour, and an overtime rate of $39.38 per hour.

13. Throughout his tenure, Mr. Rodriguez regularly worked fifty (50) or more hours per week for Defendants.

14. Defendant regularly required Plaintiff to work "off the clock" to complete paperwork or computer data entry duties.

15. As such, Defendant failed to pay Plaintiff full and proper overtime compensation for all hours worked over forty (40) per week during the relevant limitations period.

16. Throughout his employment, Plaintiff objected to Defendant's unlawful pay practices.

17. Shockingly, neither Defendant or its agents remedied its unlawful pay practices and continued purposely withholding Mr. Rodriguez's wages.

18. The situation became worse in 2020, when Defendant hired Maintenance Manager, Jose B. Ruiz ("Mr. Ruiz").

19. After being hired, Mr. Ruiz took advantage of his position and began engaging in deceptive/unethical practices in order to enrich himself at the expense of Defendant.

20. For a few months into Mr. Ruiz's employment, Plaintiff was unaware of Mr. Ruiz's unlawful dealings.

21. On or around August 6, 2020, however, Defendant's Human Resources Department suddenly contacted Plaintiff and informed him that another employee had accused him of taking "kickbacks."

22. Shocked at the baseless accusation, Plaintiff denied same and asked the representative to produce any evidence of the alleged "kickbacks."

23. Following the empty accusation on August 6, 2020, Defendant's Human Resources department never followed up with Plaintiff regarding his alleged misdeeds.

24. In truth, it was Mr. Ruiz who was systematically demanding as much as 10% illegal fee from any contractors/vendor within his reach doing work for Defendant.

25. Mr. Ruiz's scheme established a clear fraudulent intent and inaccurate/deceptive representations in violation of Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA") *See* Fla. Stat. § 501.204.

26. Naturally, some vendors refused to pay Mr. Ruiz's unlawful penalty and objected to the practice.

27. When Mr. Ruiz heard of any vendor who would not adhere to his money-making scheme, he summarily terminated them in violation of the law.

28. Mr. Ruiz's unlawful activities did not end there, however, as he was also claiming that jobs were completed so his crew of friends would be paid when no actual work was done.

29. In December 2020, Mr. Rodriguez began receiving complaints from residents regarding substandard work, or work that was not done at all by Mr. Ruiz's team, despite payments being made.

30. By this point, it began clear to Mr. Rodriguez that Mr. Ruiz merely viewed his position as a money-making scheme and would retaliate against anyone unwilling to go along with it.

31. To make matters worse, throughout all this time, Defendant continued withholding Plaintiff's overtime wages, in violation of the law.

32. Knowing that Plaintiff was opposed to his unlawful scheme, in February 2021, Mr. Ruiz issued Plaintiff a spurious and retaliatory write-up.

33. Fearing that he would be pushed out of his employment like many others before him, Plaintiff objected to Human Resources regarding Mr. Ruiz's unlawful activity and Defendant's failure to pay proper overtime hours.

34. These objections are considered protected activity under the FLSA and FWA.

35. Shockingly, neither Defendant's Human Resources Department, nor any other individual at TAH initiated any kind of inquiry or investigation into Plaintiff's serious objections.

36. As a result, Mr. Rodriguez continued voicing his objections to Defendant's violation of the law.

37. On April 20, 2021, in retaliation for Plaintiff's objections to Defendant's various violations of law, Defendant terminated Plaintiff's employment in violation of the law.

38. Defendant terminated Plaintiff's employment because Plaintiff objected to Defendant's non-payment and/or underpayment of an overtime premium under the FLSA, illegal activity, and unlawful pay practices.

39. There is an extremely close temporal proximity/nexus between Plaintiff asserting/renewing his objections to Defendant's illegal activity and unlawful pay practices, and his termination shortly thereafter.

40. Plaintiff has been damaged as a result of Defendant's retaliation and termination of his employment.

41. As a result of Defendant's unlawful and retaliatory termination of his employment, Plaintiff have suffered severe emotional distress.

42. Plaintiff should have been compensated at the rate of one and one-half times Plaintiff's regular rate for all hours that Plaintiff worked in excess of forty (40) hours per week, as required by the FLSA, throughout their employment.

43. Defendant violated Title 29 U.S.C. §207 in that:

   a. Plaintiff worked in excess of forty (40) hours in one or more workweeks for their period of employment with Defendant;

   b. No payments or provisions for payment, or insufficient payments or provisions for payment, have been made by Defendant to properly compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate for **all** hours worked in excess of forty (40) hours per work week, as provided by the FLSA; and

   c. Defendant failed to maintain proper time records as mandated by the FLSA.

44. Prior to violating the FLSA, Defendant did not consult with an attorney to evaluate whether Plaintiff's actual job duties and pay structure rendered them exempt from recovering payment for all overtime worked under the FLSA.

45. Prior to violating the FLSA, Defendant did not consult with the DOL to evaluate whether Plaintiff's actual job duties and pay structure rendered them exempt from recovering payment for all overtime worked under the FLSA.

46. Prior to violating the FLSA, Defendant did not consult with an accountant to evaluate whether Plaintiff's actual job duties and pay structure rendered them exempt from recovering payment for all overtime worked under the FLSA.

47. Based on the allegations in Paragraphs 44-46, above, Plaintiff are entitled to liquidated damages, as Defendant has no objective or subjective good faith belief that its pay practices were in compliance with the FLSA.

48. As to the FWA claims, Plaintiff's objections and refusals were considered protected activity pursuant to Fla. Stat. § 448.102(3), and qualified Mr. Rodriguez as a whistleblower under the law.

49. Plaintiff were terminated in direct retaliation for reporting and objecting to Defendant' unlawful actions, or what he reasonably believed to be unlawful actions, in violation of Section 448.102 (3), Florida Statutes. *See Aery v. Wallace Lincoln-Mercury, LLC,* 118 So. 3d 904, 916 (Fla. 4th DCA 2013).

50. Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A. to represent them in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I - VIOLATION OF 29 U.S.C. §207 OVERTIME COMPENSATION

51. Plaintiff realleges and incorporates all allegations contained within Paragraphs 1-10, 12- 17, 31, 42 - 47, and 50 of the Complaint, as if fully set forth herein.

52. Plaintiff worked in excess of the forty (40) hours per week for which Plaintiff was not compensated at the statutory rate of one and one-half times Plaintiff's regular rate of pay.

53. Plaintiff was entitled to be paid at the statutory rate of one and one-half times Plaintiff's regular rate of pay for those hours worked in excess of forty (40) hours.

54. Plaintiff was not an exempt employee as defined by the FLSA.

55. At all times material hereto, Defendant failed to maintain proper time records as mandated by the FLSA.

56. As a result of Defendant's intentional, willful, and unlawful acts in refusing to pay Plaintiff's time and one half his regular rate of pay for each hour worked in excess of forty (40) per work week in one or more work weeks, Plaintiff have suffered damages plus incurring reasonable attorneys' fees and costs.

57. As a result of Defendant's willful violation of the FLSA, Plaintiff are entitled to liquidated damages.

**WHEREFORE,** Plaintiff respectfully request that judgment be entered in his favor against Defendant, and that this Court declare, pursuant to the FLSA, that the acts and practices complained of herein are in violation of the overtime wage provisions of the FLSA, award Plaintiff overtime wages for all hours worked, award Plaintiff liquidated damages in an amount equal to the overtime wage award, award Plaintiff reasonable attorney's fees and costs

and expenses of the litigation pursuant to 29 U.S.C. §216(b), and award Plaintiff pre-judgment interest; and ordering any other further relief the Court deems just and proper.

## COUNT II
## UNLAWFUL RETALIATION IN VIOLATION OF 29 U.S.C. § 215(a)(3)

58. Plaintiff reincorporates and re-alleges Paragraphs 1-10, 12- 17, 31, 34 - 47, and 50 - 47, and 50of the Complaint as though set forth fully herein, and further alleges as follows:

59. Plaintiff objected to Defendants' illegal pay practices and asserted violations of the FLSA.

60. Later that very same day, Defendants' illegally terminated Plaintiff from his employment in violation of 29 U.S.C. § 215(a)(3).

61. In retaliation, Defendants' terminated Plaintiff's employment because Plaintiff objected to Defendants' non-payment and/or underpayment of an overtime premium under the FLSA, and because of his other objections to Defendants' violations of the FLSA.

62. Plaintiff's employment was terminated by Defendants for no other reason than his objections to Defendant's illegal pay practices and illegal wage deductions.

63. As a result of Defendants' intentional, willful, and unlawful actions, Plaintiff has suffered damages, including but not limited to lost wages, lost benefits, lost employment status, as well as humiliation, pain and suffering, and other monetary and non-monetary losses.

64. The retaliatory firing provision of the FLSA states that "it shall be unlawful for any person ... to discharge or in any other manner discriminate against an employee because such employee has filed any complaint ... under or related to this [Act]." 29 U.S.C. § 215(a)(3).

65. In EEOC v. White and Son Enterprises, 881 F.2d 1006, 1011 (11th Cir. 1989), the Court held that "Congress sought to secure compliance with the substantive provisions of the labor statute by having 'employees seeking to vindicate rights claimed to have been denied,'

and lodge complaints or supply information to officials regarding allegedly substandard employment practices and conditions. The anti-retaliation provision of the FLSA was designed to prevent fear of economic retaliation by an employer against an employee who chose to voice such a grievance." (citing to Mitchell v. Robert DeMario Jewelry, Inc., 361 U.S. 288, 292 (1960)).

**WHEREFORE**, Plaintiff requests that this Court enter a judgment in his favor and against Defendants for his actual and compensatory damages, including front pay and back pay and emotional distress damages, for liquidated damages, as well as for his costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

## COUNT III- FLORIDA'S PRIVATE WHISTLEBLOWER ACT – UNLAWFUL RETALIATION

66. Plaintiff realleges and incorporates all allegations contained within Paragraphs 1-50 of the Complaint as if fully set forth herein.

67. On April 12, 2021, Defendant terminated Plaintiff from his employment in violation of Section 448.102(3), Florida Statutes.

68. Plaintiff was retaliated and terminated in violation of Section 448.102(3), Florida Statutes, for objecting to illegal activity, or what they reasonably believed to be illegal activity, being conducted by Defendant.

69. Plaintiff objected to, and refused to participate in, this violation of a law, rule, or regulation or what they reasonably believed to be a violation of this law, rule, and regulation, and were fired as a direct result of same, which constitutes a violation of the FWA.

70.     As a result of Defendant's intentional, willful and unlawful actions, Plaintiff have suffered damages, including, but not limited to, lost wages, lost benefits, lost employment status, as well as humiliation, pain and suffering and other monetary and non-monetary losses.

WHEREFORE, Plaintiff request a judgment in their favor and against Defendant for their actual and compensatory damages, including, but not limited to, front pay, back pay, and emotional distress damages, as well as their costs and attorneys' fees, declaratory and injunctive relief and such other relief deemed proper by this Court.

## JURY DEMAND

Plaintiff demand trial by jury on all issues so triable as a matter of right by jury.

DATED this January 17, 2022

                                          Respectfully Submitted,

                                          ***/s/ Noah E. Storch***
Noah E. Storch, Esq.
Florida Bar No. 0085476
RICHARD CELLER LEGAL, P.A
10368 W. State Road. 84, Ste. 103
Davie, Florida 33324
Telephone: (866) 344-9243
Facsimile: (954) 337-2771
Email: **noah@floridaovertimelawyer.com**
*Attorneys for Plaintiff*